

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00170-CR

———————————————

BRIAN GLENN WARE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CR2025-1145

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

Following a jury's verdict that Appellant Brian Glenn Ware was guilty of possession with intent to manufacture or deliver between 4 and 200 grams of methamphetamine, *see* Tex. Health & Safety Code § 481.114(d), he entered into a punishment agreement with the State to avoid the possibility of a life sentence. In exchange for Ware's waiving his right of appeal, the State agreed to recommend that his punishment be assessed at 25 years' confinement. The trial court accepted the punishment agreement and sentenced him according to the State's recommendation.[1] Ware then signed the trial court's certification of his right of appeal, which stated that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

Despite this waiver, Ware filed a pro se notice of appeal. In response, the State filed a motion to dismiss, arguing that Ware cannot appeal. We agree with the State and dismiss Ware's appeal.

Although a defendant has a statutory right to appeal his conviction, he may waive his right of appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *see* Tex. Code Crim. Proc. art. 44.02. A valid waiver prevents a defendant from appealing without the trial court's permission. *See Carson*, 559 S.W.3d at 492–93; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App.

---

[1] By pleading true to two enhancement allegations, Ware's potential minimum sentence was 25 years' confinement—the bargained-for punishment. *See* Tex. Penal Code § 12.42(d).

2009); *see also Sterling v. State*, No. 02-24-00183-CR, 2024 WL 3819309, at *1 (Tex. App.—Fort Worth Aug. 15, 2024, no pet.) (mem. op., not designated for publication) ("Such a waiver can be made orally or in writing."); *Williams v. State*, No. 01-19-00293-CR, 2019 WL 4677361, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op., not designated for publication).

Ware disputes that the waiver was "valid, enforceable, knowing, intelligent, or voluntary under the circumstances reflected in the record." But "[w]hen a defendant waives his right to appeal as part of an agreement on sentencing and the trial court follows the terms of that agreement, the waiver is made knowingly, intelligently, and voluntarily." *Sterling*, 2024 WL 3819309, at *1 (first citing *Ex parte Delaney*, 207 S.W.3d 794, 797–99 (Tex. Crim. App. 2006); and then citing *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000)). Here, the record shows that Ware voluntarily agreed, with his counsel's advice, to waive his right of appeal in exchange for a recommended 25-year sentence—the minimum sentence he could have been assessed—after the jury found him guilty and he pleaded true to the two enhancements. The trial court followed the terms of that agreement, so we conclude that the record reflects that Ware knowingly, intelligently, and voluntarily waived his right to appeal, *see id.*, and supports the trial court's certification, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).[2]

---

[2]Ware has also argued in response to the State's dismissal argument that his 25-year plea agreement was involuntary because he "was involved in negotiations" for

Because Ware has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Tsuung v. State*, No. 02-25-00050-CR, 2025 WL 3559027, at *2 (Tex. App.—Fort Worth Dec. 11, 2025, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss this appeal in accordance with the trial court's certification. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 6, 2026

---

a seven-year plea agreement before trial and "faced the consequences of the failed plea negotiations." The only agreement in the record is the 25-year plea agreement that Ware now challenges. *See Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996) ("A plea agreement is a contractual arrangement. Until all of the necessary parties agree to the terms of the contract, the agreement is not binding."). Ware, however, cannot point to prior failed plea negotiations to overcome the presumption of regularity of the later plea proceedings, in which he waived his right of appeal. *See Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Davis v. State*, 130 S.W.3d 519, 522 (Tex. App.—Dallas 2004, no pet.) (holding that evidence of prior failed plea negotiations for a two-year deal did not support appellant's challenge to the seven-year plea agreement he freely made).